## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTON K. NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-433-R |
| | ) | |
| SCOTT CROW, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, an Oklahoma prisoner represented by counsel Debra K. Hampton, seeks habeas corpus relief under 28 U.S.C. § 2254 from his "aggregate" sentence for two counts of first-degree rape, one count of robbery with a dangerous weapon, and two counts of assault with a dangerous weapon. Doc. 1.[1] United States District Judge David L. Russell referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 3. Respondent has moved to dismiss the petition as time-barred and filed a brief in support of the motion. *See* Docs. 8-9. Petitioner has responded. *See* Doc. 15.

---

[1]     Citations to a court document are to its electronic case filing designation and pagination.  Unless otherwise indicated, quotations are verbatim.

For the reasons discussed below, the undersigned Magistrate Judge recommends the Court grant Respondent's motion to dismiss the petition as time-barred.

## I.   Procedural background.

Petitioner, while represented by different counsel, pleaded guilty on June 3, 1998, when he was seventeen years old, to several felony crimes. *See* Doc. 9, Atts. 1-2.   In Oklahoma County Case No. CF-97-5009, Petitioner pleaded guilty to first-degree rape, robbery with a dangerous weapon, and two counts of assault with a dangerous weapon. *Id.* Att. 1, at 1-2; Att. 2, at 4-5.   He was convicted and sentenced to thirty-five years' imprisonment for first-degree rape, twenty years' for robbery with a dangerous weapon, and ten years' each for assault with a dangerous weapon. *Id.* Att. 2, at 2.   In Oklahoma County Case No. CF-97-6770, Petitioner pleaded guilty to one count of first-degree rape and was sentenced to life imprisonment. *Id.* Att. 2; Att. 3, at 1.   The state district court ordered Petitioner's sentences to run consecutively to one another. *Id.* Att. 1, at 2.[2]  Petitioner moved to withdraw his pleas in both cases and the Oklahoma Court of Criminal Appeals affirmed his convictions and sentences in a summary opinion denying certiorari issued July 6, 1999. *Id.*

---

[2]    Petitioner has since discharged his thirty-five-year sentence, was paroled from his twenty-year sentence in January 2020, "and is now serving the first of his two consecutive ten-year sentences" for which he is parole-eligible in about three years. *See* Doc. 9, Att. 4, at 6.

2

Att. 3.  Petitioner did not seek a writ of certiorari in the United States Supreme Court.

Petitioner, pro se, filed his first application for post-conviction relief in the state district court on February 3, 2015, and the court denied it on November 9, 2015.  Doc. 1, at 8.  He did not timely appeal and his request for an appeal out-of-time was denied on January 26, 2016.  *Id.*

Petitioner, represented by Ms. Hampton, filed his second application for post-conviction relief on April 22, 2019.  *Id.* at 9-10.  The state district court denied his application on December 2, 2019, and the Oklahoma Court of Criminal Appeals affirmed the denial in an order issued February 28, 2020.  *See* Doc. 9, Att. 4.

Petitioner filed his petition for habeas corpus relief in this Court on May 11, 2020.  Doc. 1.

## II.   Petitioner's habeas claim.

Petitioner raises one claim in his habeas petition:

Petitioner's aggregate sentences violates the Eighth Amendment establishing a mandatory life without parole sentence.

Doc. 1, at 16.  Petitioner asserts that, because he was a juvenile when he committed his offenses, his aggregate seventy-five-year sentence results in a "mandatory life without parole because his sentence exceeds his life expectancy."  *Id.*  Citing *Graham v. Florida*, 560 U.S. 48 (2010), Petitioner

asserts his sentence is unconstitutional because "he will never have a meaningful opportunity for review by the Parole Board . . . ." *Id.*[3] Petitioner raised this claim for the first time in his second application for post-conviction relief filed on April 22, 2019.  Doc. 1, at 9-10; Doc. 9, Att. 4.

## III.  Analysis.

### A.  Limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996.

The AEDPA established a one-year limitation period during which an inmate in state custody can file a federal habeas petition challenging a state conviction:

---

[3]      In *Graham*, the United States Supreme Court held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."  560 U.S. at 82.  "A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term."  *Id.*  In *Budder v. Addison*, 851 F.3d 1047, 1059 (10th Cir. 2017), the Tenth Circuit concluded that, under *Graham's* categorical rule, the petitioner's aggregate sentence, which required him to serve 131.75 years before he was eligible for parole, violated the Eighth Amendment because it did "not provide him a realistic opportunity for release."

In this case, Petitioner did not receive a life without parole sentence, and, of his consecutive sentences, he has discharged one, has been granted parole on another, and is eligible for a parole hearing on the first of his two consecutive ten-year sentences in about three years.  *See* Doc. 9, Att. 4, at 6.  It is therefore doubtful that *Graham*, or the Tenth Circuit's interpretation of *Graham* in *Budder*, applies to Petitioner's alleged "de facto life without parole" sentence.  *See* Doc. 1, at 10.  Nevertheless, in addressing the timeliness of the petition, the Court proceeds, without deciding, as though the *Graham* decision applies to his case.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

28 U.S.C. § 2244(d)(1).  The act provides four alternative starting dates for the limitation period:

> The limitation period shall run from the latest of—
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

### 1.   The petition is untimely under § 2244(d)(1)(A).

Unless a petitioner shows otherwise, the limitations period generally begins to run from the date a conviction and sentence are final.  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).  Petitioner's convictions and sentences became final on October 4, 1999, ninety days after the Oklahoma Court of Criminal Appeals affirmed them.  *See Collins v. Bear*, 698 F. App'x

946, 948 (10th Cir. 2017) (finding the petitioner's convictions became final ninety days after the OCCA affirmed his convictions).  The one-year period of limitation begins to run the day after a conviction is final.  *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011); *see also United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (quoting Fed. R. Civ. P. 6(a)). Petitioner's limitation period began running on October 5, 1999 and, absent tolling, expired one year later, on October 5, 2000.  His habeas corpus petition, filed May 11, 2020, is therefore untimely under § 2244(d)(1)(A).

## 2.    The petition is untimely under § 2244(d)(1)(C).

Citing § 2244(d)(1)(C), Petitioner argues that the merits of his action are governed by *Graham* which he asserts was "made retroactive by *Montgomery v. Louisiana*, 577 U.S. 460 (2016) which announced a new rule of constitutional law applying to cases on collateral review."  Doc. 1, at 10-11.  Respondent argues in his motion to dismiss that the petition is not timely under § 2244(d)(1)(C) because it was not filed within one year of when *Graham* was decided on May 17, 2010.  *See* Doc. 9, at 6.  The Court agrees with Respondent.

Although Petitioner's reply is not entirely clear, he appears to argue that he is not time-barred because the Supreme Court did not clarify, until it issued its decision in *Montgomery*, that its "intervening change in law with both

6

homicide and non-homicide offenses" committed by juveniles should be applied retroactively to cases on collateral review.[4]  *See* Doc. 15, at 3 & n.1 (footnoting that *Montgomery* was decided on January 25, 2016 and stating that "*Montgomery* determined the intervening change in law with both homicide and non-homicide offenses and determined *Miller* was retroactively applied to cases on collateral review.").  To buttress his argument that his claim did not ripen until the Supreme Court rendered its *Montgomery* decision, Petitioner cites cases where the reviewing court either declined to pass on the issue of the retroactivity of *Miller*,[5] or remanded the case post-*Montgomery* so that the lower court could address the *Miller* issue.[6]  *See id.* at 3-4.  These cases are inapposite.

Petitioner's counsel "appears to aggregate the holdings of *Graham* and *Miller*."  *See Berry Whitten*, No. CIV-20-132-D, 2020 WL 3980661, at *2 (W.D. Okla. Mar. 4, 2020), *adopted by* 2020 WL 1900450 (W.D. Okla. Apr. 17, 2020).  But, while the *Montgomery* Court held that "*Miller* announced a new

---

[4]   Petitioner cites to *Miller v. Alabama*, 567 U.S. 460 (2012), wherein the Supreme Court held that mandatory life without parole sentences for juvenile *homicide* offenders violated the Eighth Amendment.  567 U.S. at 479.

[5]   *See Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015).

[6]   Citing *Cardoso v. McCollum*, 660 F. App'x 678, 681 (10th Cir. 2016), and then citing *Tatum v. Arizona*, 137 S. Ct. 11 (2016).

substantive constitutional rule that was retroactive on state collateral review, the Court did not make such a pronouncement regarding *Graham*." *Id.* (citing *Montgomery*, 136 S. Ct. at 736).  Despite counsel's confusion, the date of the Supreme Court's *Montgomery* decision did not serve to re-start Petitioner's one-year limitations period.[7]

Instead, the Supreme Court's *Graham* decision, decided on May 17, 2010, would have re-started Petitioner's statutory clock under § 2244(d)(1)(C). *See, e.g., Dodd v. United States*, 545 U.S. 353, 357 (2005) (holding that the AEDPA "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured" and that is the date on which the right asserted was initially recognized by the Supreme Court).  And without tolling, Petitioner's statute of limitations to bring his habeas corpus petition would have expired one year later, on May 17, 2011.  The instant petition, filed on May 11, 2020, is thus untimely.[8]

---

[7]     Petitioner did not file his second post-conviction application until April 22, 2019.  *See* Doc. 1, at 9-10.  Even assuming arguendo that the one-year limitations period commenced on January 25, 2016, the date of the *Montgomery* decision, both Petitioner's relevant post-conviction application and the instant petition were filed well after the one-year limitations period would have expired on January 25, 2017.

[8]     In his reply to Respondent's motion to dismiss, Petitioner cites to *Budder* and to the Oklahoma Court of Criminal Appeals' opinion in *Martinez v. State*, 442 P.3d 154 (Okla. Crim. App. 2019).  *See* Doc. 15, at 5.  In *Martinez*, the state court determined that it was not "clearly established law" but a question that

**B.      Availability and effect of tolling on the limitation period.**

**1.      Petitioner is not entitled to statutory tolling.**

The AEDPA includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Petitioner, however, is not entitled to statutory tolling under this provision because his relevant post-conviction application was not filed until April 22, 2019, almost eight years *after* the expiration of the one-year period under § 2244(d)(1)(C). *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Green v. Booher*, 42 F. App'x 104, 106 (10th Cir. 2002) ("[S]tate application [for post-

---

"continues to divide state and federal courts" whether *Graham* applies "to offenders with multiple crimes and multiple charges." 442 P.3d at 155.

If Petitioner is suggesting his time-period was triggered by either one of these cases, his assertion fails under § 2244(d)(1)(C)'s language. This provision refers only to "the date on which the constitutional right asserted was initially recognized by the *Supreme Court*," and not to the date a lower court applied the Supreme Court opinion. *See* 28 U.S.C. § 2244(d)(1)(C) (emphasis added); s*ee also Williams v. Dowling*, 2020 WL 3865078, at *5 (N.D. Okla. Jul. 8, 2020) ("[T]o the extent petitioner relies on *Budder* to argue that his petition is timely under § 2244(d)(1)(C), he fails to overcome the time-bar.").

conviction relief] could not toll the federal limitation period, because [petitioner] did not file it until after the one-year period had expired.").

### 2.   Petitioner is not entitled to equitable tolling.

Unless equitable tolling applies, the petition is untimely.  "[A] [habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Even assuming a diligent pursuit of rights, the one-year period of limitation "is subject to equitable tolling . . . only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted).  Petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Petitioner has the burden of proving that equitable tolling applies.  *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011).  "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Petitioner argues that his time should be tolled because he has "diligently pursued his interests in pursuing his claim" and the state court's post-conviction decision was an "unreasonable determination" of *Graham*.  *See* Doc. 1, at 10-11; Doc. 15, at 2, 5.  But Petitioner waited almost *nine years* after

*Graham* to file an application for post-conviction relief. This does not amount to diligence. *See, e.g., Peoples v. Falk*, 613 F. App'x 752, 752-53 (10th Cir. 2015) (affirming the district court's finding that petitioner was not entitled to equitable tolling because his three-year delay in pursing his rights showed a lack of diligence). And, even after the Supreme Court's ruling in *Montgomery*, which he wrongly claims re-started his statute of limitations clock, he still waited *another* three plus years to file his application for post-conviction relief raising the *Graham* issue. Petitioner submits no explanation for this lengthy delay. *Cf. Walker v. Aldridge*, No. CIV-18-382-HE, 2018 WL 3240965, at *2 (W.D. Okla. July 3, 2018) ("While petitioner's delay in filing her petition after *Miller* was decided is understandable, she offers no explanation as to why she waited more than a year and a half after the Supreme Court decided *Montgomery* to seek post-conviction relief.").

Not only has Petitioner not demonstrated diligence, he has also failed to demonstrate that some extraordinary circumstance stood in his way that prevented timely filing. Nothing prevented Petitioner from mounting a challenge to his aggregate sentence after the Supreme Court rendered its *Graham* decision. While Petitioner may have faced "an uphill battle" had he chosen to seek relief within one year of *Graham*, he "at least had the *opportunity* to take this path" in a timely manner. *See,* e.*g., Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. 2018) (emphasis in original).

11

Petitioner fails to satisfy his burden that equitable tolling should apply to save his untimely petition. The Court should therefore decline to equitably toll Petitioner's long-expired limitations period.

### 3.    No fundamental miscarriage of justice occurred.

Petitioner argues the state court's allegedly unreasonable application of Supreme Court law qualifies him for an "equitable exception" to the limitations period. *See* Doc. 1, at 6; Doc. 15, at 2, 5. The Court assumes Petitioner is asserting a fundamental miscarriage of justice claim. To bypass the limitations period based on a fundamental miscarriage of justice, however, Petitioner must present "a credible showing of actual innocence." *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (internal quotation marks omitted); *see also McQuiggin v. Perkins*, 569 U.S. 383, 391-92 (2013) (holding that because petitioner did not diligently pursue his claims, he was not entitled to equitable tolling, and thus could only proceed with an equitable "exception" through "a plea of actual innocence"). But "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And Petitioner "'must show that it is more likely than not that no reasonable juror would have convicted

12

him in the light of the new evidence.'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327).

Petitioner's habeas petition challenges only his sentences—not his convictions—and he does not allege he is actually innocent of his crimes. There is thus no basis for bypassing the statute of limitations bar.

## IV.    Recommendation and notice of right to object.

Petitioner's one-year statute of limitations expired years before he filed his habeas corpus petition in this Court.  He presents no basis for statutory or equitable tolling of the limitations period and he does not allege actual innocence.   The undersigned therefore recommends the Court grant Respondent's motion to dismiss the petition as untimely.  Docs. 8-9.

The undersigned advises the parties of the right to file an objection to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Any objection must be filed with the Clerk of Court **on or before October 6, 2020**.  The undersigned further advises the parties that the failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 15th day of September, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE