## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANTON K. NELSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIV-20-433-R** |
| | ) | |
| **SCOTT CROW, Director,** | ) | |
| **Oklahoma Department of Corrections,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ! | |

## <u>ORDER</u>

Petitioner, a state prisoner appearing through counsel, filed this action seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On September 15, 2020, Judge Mitchell issued a Report and Recommendation wherein she recommended that the petition be dismissed as time-barred, consistent with Respondent's Motion to Dismiss. (Doc. No. 16). The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. *See* Fed. R. Civ. P. 72(b)(3). Having conducted this review, the Court finds as follows.

Petitioner's habeas claims arise from his felony convictions in the District Court of Oklahoma County in 1998, when Petitioner was a juvenile. As a result of convictions for rape, robbery and assault and battery with a dangerous weapon, Petitioner was sentenced

to seventy-five years, cumulatively, in one case, and life in another, to run consecutively.[1] He contends that the aggregated sentences violate his rights under the Eighth Amendment, equating the duration with a mandatory sentence of life without parole. He presented his claim to the Oklahoma Court of Criminal Appeals in his second application for post-conviction relief, which the court denied on February 28, 2020.

The issue presented by Petitioner's objection is whether the instant petition is timely under 28 U.S.C. § 2244(d)(1)(C), or whether Petitioner is entitled to equitable tolling of the one-year limitations period under the AEDPA. 28 U.S.C. § 2244(d)(1) provides for a one-year statute of limitations period for filing a § 2254 petition. The starting date of the statute of limitations period is the latest of four dates set forth in § 2244(d)(1)(A)-(D). Here Petitioner relies on § 2244(d)(1)(C), which provides that the one-year limitations period runs from:

> the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Petitioner contends his petition is timely premised on the 2016 Supreme Court decision in *Montgomery v. Louisiana*, --- U.S. ---, 136 S. Ct. 718 (2016), wherein the Supreme Court held that *Miller v. Alabama*, 567 U.S. 460 (2012), was retroactively applicable to petitions for collateral review. Petitioner does not, however, rely on *Miller,* but rather, he contends that the Supreme Court decision in *Montgomery* makes a 2010

---

[1] Petitioner was sentenced to 35 years on a count of rape, 20 years for robbery with a dangerous weapon, and ten years on each count of assault and battery with a dangerous weapon. In a separate case he was sentenced to life imprisonment after pleading guilty to rape in the first-degree.

Supreme Court decision, *Graham v. Florida*, 560 U.S. 48 (2010), retroactively applicable to cases on collateral review.

In *Graham*, the Supreme Court summarized its holding as follows:

> The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term.

*Berry v. Whitten*, No. 20-6066, 2020 WL 5542477, *2 (10th Cir. Sept. 16, 2020) (citing *Graham*, 560 U.S. at 82, 130 S. Ct. 2011). Here, as in *Berry,* the petition alleges that Mr. Nelson was a juvenile offender who did not commit homicide and that he is serving an effective life without parole sentence. *Graham*, however, was decided in 2010, and clearly the petition filed herein would be untimely if Petitioner was relying solely thereon. Instead, Petitioner argues that his Petition relies on *Montgomery v. Louisiana*, --- U.S. ---, 136 S. Ct. 718 (2016).

Petitioner's position on this issue was recently rejected by the Tenth Circuit in *Berry v. Whitten*, wherein Mr. Berry, with the same counsel as Mr. Nelson, made what appears to be a similar argument.

> By contrast, Mr. Berry's claim does not fall within *Montgomery*. In *Montgomery*, the Supreme Court held *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), had retroactive application to petitions for collateral review. 136 S.Ct. at 732. *Miller* held that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing" a life sentence without the possibility of parole on a juvenile homicide offender. 567 U.S. at 489, 132 S.Ct. 2455. Mr. Berry's petition does not allege that he committed homicide or that the judge who sentenced him was forbidden from considering mitigating circumstances. *See In re Vassell*, 751 F.3d 267, 270 (4th Cir. 2004)("*Miller* simply does not work for a nonhomicide offender….")

3

*Id.* at *2. The Tenth Circuit concluded that it was not debatable that Berry's claim was based on *Graham. Id.* The same holds true here and his claim is clearly time barred.

The Tenth Circuit further noted that to the extent Mr. Berry relied on *Montgomery* and § 2244(d)(1)(C), his claim was untimely, because *Montgomery* was a 2016 Supreme Court case and Berry did not seek relief until more than a year after January 25, 2016. The same holds true in the instant case. Petitioner did not seek postconviction relief raising this issue until April 22, 2019, more than one year after the decision in *Montgomery*.

Finally, Petitioner presents a challenge, without sufficient argument, to Judge Mitchell's conclusion that he is not entitled to equitable tolling of the statute of limitations period. Although Petitioner correctly states that equitable tolling is available with regard to the § 2244(d) statute of limitations, he does not argue any particular facts in support of application of the doctrine. The Court concludes that Petitioner has waived any objection to Judge Mitchell's conclusion that equitable tolling does not apply by failing to properly develop the argument, because he has not made specific objection thereto.[2]

The Court denies Petitioner a certificate of appealability. In order to appeal the denial of a petition under § 2254, Petitioner must obtain a certificate of appealability by making a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts.* Where, as here, the court denies relief on procedural grounds, Petitioner must show that "jurists of reason would find it

---

[2] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Judge Mitchell concluded Petitioner has not established either element.

debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth herein, the Report and Recommendation is ADOPTED and the Petition is DISMISSED AS UNTIMELY.

**IT IS SO ORDERED** this 6th day of October 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE